UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES E. MITCHELL, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | 1:15-cv-01881-JMS-DML |
| | ) | |
| MUNCIE COMMUNITY SCHOOLS, KATHY RAY, | ) | |
| TIM HELLER, MARK BURKHART, LON SLOAN, | ) | |
| TOM JARVIS, REBECCA THOMPSON, JOE MAR- | ) | |
| TINEZ, DAN JUSTICE, GERRY MOORE, DILYNN | ) | |
| PHELPS, PAUL DYTMIRE, DEBORAH BADDERS, | ) | |
| CHRIS SMITH, JENNY LOCKE, KIM FRAZIER, | ) | |
| and SUZANNE CRUMP, | ) | |
| *Defendants*. | ) | |

## ORDER

Presently pending before the Court in this employment discrimination case is an Additional

Motion to Dismiss Portions of Plaintiff's Amended *Pro Se* Complaint filed by Defendants Muncie

Community Schools and Kathy Ray, Tim Heller, Mark Burkhart, Lon Sloan, Tom Jarvis, Rebecca

Thompson, Joe Martinez, Dan Justice, Gerry Moore, DiLynn Phelps, Paul Dytmire, Deborah Bad-

ders, Chris Smith, Jenny Locke, Kim Frazier, and Suzanne Crump (collectively, the "Individual

Defendants"). [Filing No. 36.]

### I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give

the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson,*

*551 U.S. at 93* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of the complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
## BACKGROUND[1]

The factual allegations in the Amended Complaint filed by *pro se* Plaintiff James Mitchell, which the Court must accept as true at this time, are as follows:

Mr. Mitchell, who is African American, was a custodian for Muncie Community Schools from 2008 until 2015. He sets forth numerous allegations regarding individuals that he worked with, including that:

- Shortly after Mr. Mitchell began working at Muncie Community Schools, Defendant Suzanne Crump, Assistant Principal at Muncie Central High School, started documenting his work performance "with every little detail," and "would recruit [his] co-workers to watch and document everything [he] did or didn't do…." [Filing No. 27 at 5.] Ms. Crump gave Mr. Mitchell his first evaluation and reprimand in June 2009, and wanted him to move to work at another building after six months. [Filing No. 27 at 5.]

---

[1] This Background section is taken largely from the Court's May 27, 2016 Order. [Filing No. 35.]

- During his employment, Mr. Mitchell sent "copies of [his] concerns" to Defendant Tim Heller, former Superintendent of Muncie Community Schools. [Filing No. 27 at 4.] Mr. Heller did not address the issues Mr. Mitchell raised, nor did he "utilize a diversity or sensitivity program so that all the employees could benefit from it." [Filing No. 27 at 4.]

- Mr. Mitchell sent copies of his evaluations from June 2, 2009, April 16, 2010, and April 13, 2013 to Defendant Mark Burkhart, former Associate Superintendent/Finance of Muncie Community Schools, which he claims show that he was being harassed and "painted as a bad employee." [Filing No. 27 at 4-5.]

- From January to May 2009, Defendant Paul Dytmire, a previous custodian on the day shift at Muncie Central High School, created and maintained a hostile work environment by "sabotaging [Mr. Mitchell's] work and circulating false information about [him] as well as recruiting others to help him sabotage [Mr. Mitchell's] work." [Filing No. 27 at 7.]

- In 2009, Defendant Deborah Badders, former custodian at Muncie Central High School, maintained a hostile work environment by "circulating false information about [Mr. Mitchell] through lies and recruiting other co-workers to continue the lies." [Filing No. 27 at 7.]

- Also in 2009, Defendant Chris Smith, Principal at Muncie Central High School, never addressed Mr. Mitchell's concerns and "continued to let the negative atmosphere and hostility go on among the employees which demonstrates a direct disregard for [Mr. Mitchell] as a black man." [Filing No. 27 at 7.]

- Additionally, in 2009 Defendant Jenny Locke, custodian at Muncie Central High School, was "circulating false information about [him] and creating a negative atmosphere that followed [him] throughout [his] employment that…made it difficult to stay focused on [his] work." [Filing No. 27 at 7.]

- In April 2010, Defendant Lon Sloan, former Director of Facilities for Muncie Community Schools, asked Mr. Dytmire and others to document all information regarding Mr. Mitchell "in a concerted effort to get [him] fired." [Filing No. 27 at 5.] On May 6, 2010, Mr. Sloan sent a memo to Mr. Burkhart stating that Mr. Mitchell should not be retained for the next year. [Filing No. 27 at 5.] Mr. Sloan "recruited others to document and watch [Mr. Mitchell's] every move because [he is] an African American." [Filing No. 27 at 5.]

- In April 2010, Defendant Tom Jarvis, former Athletic Director for Muncie Community Schools and the supervisor of the custodians, gave Mr. Mitchell a "poor inspection and evaluation report and did not want [Mr. Mitchell] to continue at Muncie Central because [he is] black." [Filing No. 27 at 5.]

- From 2008 to 2012, Defendant Joe Martinez, Custodial Foreman, would come to Muncie Central High School and Southside High School and "check on the white custodians but would never check on [Mr. Mitchell] or ask if [he] needed anything." [Filing No. 27 at 6.]  Mr. Martinez would also tell the white custodians not to help Mr. Mitchell with any of his work, which made his coworkers "uneasy being around [him]."  [Filing No. 27 at 6.]

- On May 28, 2010, Defendant Dan Justice, Custodial Supervisor, submitted a memo to Mr. Sloan stating that Mr. Mitchell should not be retained for the next year. [Filing No. 27 at 6.]  Mr. Justice's attitude toward Mr. Mitchell was "very demeaning," and Mr. Justice would never interact with Mr. Mitchell or ask how he was doing, would check on the white custodians but not on Mr. Mitchell, and would always ask Mr. Mitchell's coworkers about Mr. Mitchell which "contributed to the negative perception among [his] coworkers."  [Filing No. 27 at 6.]

- From 2010 to 2012, Defendant Gerry Moore, former Assistant Principal at Southside High School, would "let other white custodians get away with violating school policy without reprimand[]s but would write [Mr. Mitchell] up for what [Mr. Moore] said was a violation of school policy" and, Mr. Mitchell believes, because he was black.  [Filing No. 27 at 6.]  Mr. Moore would not address any of Mr. Mitchell's concerns about coworkers using offensive language and would "paint [Mr. Mitchell] as a difficult employee," which contributed to the hostile work environment.  [Filing No. 27 at 6.]

- In 2012, Mr. Mitchell spoke with Defendant DiLynn Phelps, Director of Diversity and Community Services, about his coworkers "using derogatory speech and pictures towards [him]."  [Filing No. 27 at 6.]  Ms. Phelps indicated that she would talk to Superintendent Heller, but Mr. Mitchell never heard back from either of them.  [Filing No. 27 at 6-7.]

- From 2010 to 2015, Defendant Rebecca Thompson, former principal at Southside High School, "made her feelings known to several administrators and coworkers from 2010 – 2015 that she just didn't like [Mr. Mitchell] which maintained [a] negative atmosphere…."  [Filing No. 27 at 6.]  Ms. Thompson also told other principals that Mr. Mitchell "was worthless" and that she did not know why he was "still around."  [Filing No. 27 at 6.]  This "continued the hostile work environment throughout the school system."  [Filing No. 27 at 6.]

- In January 2015, Defendant Kim Frazier, custodian at Mitchell Elementary, "provok[ed] an altercation that [led] to [his] termination," by using derogatory speech and saying that the Muncie Community School System did not "want [Mr. Mitchell] here anyway."  [Filing No. 27 at 7.]

Mr. Mitchell filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 23, 2015 ( the "First Charge"), stating that he believed he had been suspended due to his race, in violation of Title VII of the Civil Rights Act of 1964, as amended.[2] [Filing No. 30-1.]  That same day, Muncie Community Schools sent Mr. Mitchell a letter stating that it was terminating his employment "[b]ased on recommendations provided to my office by various individuals who have supervised your Muncie Community Schools…work as-signments…" [Filing No. 1-1.]  In response to the First Charge, the EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") on February 11, 2015, stating that it was "unable to con-clude that the information obtained establishes violations of the statutes," and that "[n]o finding is made as to any other issues that might be construed as having been raised by this charge." [Filing No. 30-2.]  Mr. Mitchell filed another Charge of Discrimination with the EEOC on May 8, 2015 (the "Second Charge"), stating that he had been terminated and believed he had been discriminated against based on his race in violation of Title VII.  [Filing No. 30-3.]  The EEOC issued a Right to Sue Letter on August 26, 2015, noting that it was "unable to conclude that the information obtained establishes violations of the statutes."  [Filing No. 30-4.]

Mr. Mitchell initiated this lawsuit on November 30, 2015, originally naming only "Muncie Community Schools and its administrators" as defendants.  [Filing No. 1.]  Defendants moved to dismiss the original Complaint on January 8, 2016, [Filing No. 10], and Mr. Mitchell then moved

---

[2] The Court may consider Mr. Mitchell's EEOC Charges, and the EEOC's responses thereto, on a Motion to Dismiss, even though they are not attached to Mr. Mitchell's Amended Complaint.  *See Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009) (court can consider documents that are "central to [plaintiffs'] case" on a motion to dismiss); *Lucas v. Ferrara Candy Company*, 2014 WL 3611130, *1 (N.D. Ill. 2014) (court may consider EEOC Charges on motion to dismiss be-cause they "include facts consistent with the Amended Complaint"); *Butler v. Chicago Transit Authority*, 2014 WL 3939654, *7 (N.D. Ill. 2014) (court considered EEOC Charge on motion to dismiss because it was "integral to [plaintiff's] discrimination claims").

to file an Amended Complaint, [Filing No. 12].  The Court granted Mr. Mitchell leave to file an Amended Complaint, and he did so and named Muncie Community Schools and sixteen of its employees as Defendants.  [Filing No. 27.]  In the Amended Complaint, Mr. Mitchell appears to allege claims for race discrimination, retaliation, and hostile work environment.  [*See* Filing No. 27.]  He seeks to be reinstated to his job with back pay including benefits, for Defendants to "aggres[s]ively update and utilize a diversity and sensitivity program for all employees," and damages of $50,000 for mental, physical, and emotional suffering and "economic stress."  [Filing No. 27 at 8.]

On March 28, 2016, Defendants filed a Renewed Motion to Dismiss Plaintiff's Amended *Pro Se* Complaint, arguing that any claims Mr. Mitchell did not include in the Second Charge are barred, and that any allegations related to the time period from 2009 to 2013 are time-barred.  [Filing No. 29; Filing No. 30.]  On May 27, 2016, the Court granted in part Defendants' Renewed Motion to Dismiss to the extent that it dismissed with prejudice Mr. Mitchell's hostile work environment claim.  [Filing No. 35 at 13.]  The Court denied in part the Renewed Motion to Dismiss to the extent that it declined to dismiss Mr. Mitchell's retaliation claim, or to strike the paragraphs of his Amended Complaint which relate to conduct occurring between 2009 and 2013.  [Filing No. 35 at 14.]  The Court also stated "[t]o the extent Defendants wish to raise any additional dismissal arguments, they must file a single Motion to Dismiss (with a single supporting brief) within 30 days of this Order."  [Filing No. 35 at 14 (emphasis omitted).]

Defendants filed the pending Additional Motion to Dismiss on June 9, 2016, [Filing No. 36], and the Court now considers the motion.

## III.
### DISCUSSION

In their Additional Motion to Dismiss, Defendants set forth three main arguments: (1) that the Individual Defendants must be dismissed because "they do not fall within the definition of employer for purposes of Title VII claims"; (2) that certain paragraphs of the Amended Complaint should be dismissed because they relate to Mr. Mitchell's hostile work environment claim, which the Court dismissed in its May 27, 2016 Order; and (3) that the Court should clarify whether the "claims" in certain paragraphs of the Amended Complaint were dismissed because they relate to certain individuals' actions that occurred more than 300 days before Mr. Mitchell filed the Second Charge.  [Filing No. 37 at 3-4.]  The Court will address each argument in turn.

### A.  Dismissal of Individual Defendants

Defendants argue that the Individual Defendants must be dismissed because Title VII claims can only be brought against employers, and not against individuals.  [Filing No. 37 at 3.]

Mr. Mitchell states that Defendants' argument is "well taken," conceding that the Individual Defendants cannot be held liable for Title VII violations.  [Filing No. 39 at 3.]

On reply, Defendants point out that Mr. Mitchell has conceded that his Title VII claims cannot be brought against the Individual Defendants.  [Filing No. 40 at 1.]

Mr. Mitchell has, indeed, conceded that he cannot bring Title VII claims – which include his only two remaining claims for race discrimination and retaliation – against the Individual Defendants.  [Filing No. 39 at 3 (Defendants "are claiming and referencing, several cases in their Brief that 'individual employees or supervisors may not be named as defendants…and must be dismissed as they do not fall within the definition of employer for purposes of Title VII Claims.' This claim is well taken….").  Because of his concession the Court will not belabor the point, but notes that Defendants' position is legally correct.  *See Passananti v. Cook County*, 689 F.3d 655,

676 (7th Cir. 2012) (employee cannot be held liable in individual capacity for Title VII violations);

*Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (same principle).  Accordingly, the Court

grants Defendants' Additional Motion to Dismiss to the extent that the Individual Defendants are

dismissed from this case.

### B.  Paragraphs Related to Hostile Work Environment Claim

Defendants request that the Court "clarify" which specific paragraphs it dismissed when it

dismissed Mr. Mitchell's hostile work environment claim, and set forth their argument in two sen-

tences:

> As a point of clarification, the Court ruled that all claims in the Amended Complaint
> of hostile work environment were dismissed with prejudice.  Defendants believe
> this specifically includes the following paragraphs: 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,
> 13, 14, 15 and 16, and request the Court to clarify the specific paragraphs that were
> dismissed.

[Filing No. 37 at 3.]

In response, Mr. Mitchell states that Defendants "obviously feel that since the Court ruled

that all my claims in the Amended Complaint of hostile work environment were dismissed with

prejudice, and if they are asking for [the Individual Defendants] to be dismissed, then each para-

graph they are mentioned in, should be dismissed also."  [Filing No. 39 at 3.]

On reply, Defendants state that Mr. Mitchell "seems to suggest that the clarification which

Defendants have requested regarding other paragraphs in the Amended Complaint relate only to

the fact that individual Defendants were named in those rhetorical paragraphs," and that "[t]his is

not accurate."  [Filing No. 40 at 1.]  Rather, Defendants state, they request dismissal of any para-

graphs related to the hostile work environment claim because "ordering the dismissal of these

paragraphs will aid the parties in moving forward in this case, and will avoid any disagreement or

confusion as to the claims that remain."  [Filing No. 40 at 2.]

The Court is perplexed regarding Defendants' request to "dismiss" paragraphs or allegations in the Amended Complaint.  In ruling on a motion to dismiss, the Court dismisses parties or claims, but not allegations.  Indeed, another district court recognized this when it declined a request by Defendants' counsel here to dismiss certain paragraphs of a Complaint.  *Comer v. School City of Hammond Inc.*, 2015 WL 9094004, \*3 (N.D. Ind. 2015) ("Hammond School, however, wants more than just a ruling that Comer cannot proceed on claims stemming from these two earlier EEOC charges – Hammond School has asked this Court to dismiss paragraphs 17 through 22 of the amended complaint with prejudice.  The aforementioned paragraphs contain factual allegations, not legal claims.  Whether those facts are relevant to the remaining timely claims stemming from [the] EEOC Charge[s]…is a question more appropriately resolved at a later stage of this litigation").  The Court agrees with the reasoning of the *Comer* opinion, and declines to dismiss paragraphs in the Amended Complaint, as only dismissal of parties and claims is appropriate.

Defendants' motion as it relates to dismissing certain paragraphs of the Amended Complaint might more properly be considered a motion to strike.  *See, e.g.*, *Lurz v. Monahan*, 2006 WL 2349724, \*3 (N.D. Ill. 2006) ("Defendants move the Court to 'dismiss' paragraphs 25, 27 and 28 from the [Second Amended Complaint] pursuant to Rule 12(b)(6).  Rule 12(b)(6), however, only tests the legal sufficiency of a complaint….  Defendants' request is more properly characterized as a motion to strike, which is governed by Federal Rule of Civil Procedure 12(f)").  Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  In the Seventh Circuit, motions to strike are generally disfavored, but such a motion "may 'serve to expedite, not delay,' when it seeks to strike portions of a pleading to 'remove unnecessary clutter

from the case.'" *Schmitz v. Four D Trucking, Inc.*, 2014 WL 309190, \*2 (N.D. Ind. 2014) (quoting *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).

The Court cannot determine at the motion to dismiss stage whether the allegations in the paragraphs Defendants request be dismissed are "redundant, immaterial, impertinent, or scandalous…." Fed. R. Civ. P. 12(f). The paragraphs Defendants identify as being related to the hostile work environment claim – paragraphs 1 and 3 through 16 – could arguably relate to Mr. Mitchell's race discrimination and retaliation claims as well. For example, paragraph 6 contains allegations regarding the supervisor of the custodians and states that the supervisor "conspired with others to get rid of [Mr. Mitchell]." [Filing No. 27 at 5.] Mr. Mitchell's termination letter specifically states that his termination was "[b]ased on recommendations provided…by various individuals who have supervised [Mr. Mitchell's] Muncie Community Schools…work assignments…." [Filing No. 39-1 at 1.] Accordingly, because that factual allegation relates to the supervisor's actions, it may very well relate to Mr. Mitchell's remaining race discrimination and retaliation claims. Or it may not. The Court simply cannot determine at this stage of the litigation whether that is the case. The Court is not making any findings in this decision regarding what evidence may or may not be admissible at trial – those findings will come after discovery has taken place, and either at the summary judgment stage or at trial. The Court denies the Additional Motion to Dismiss to the extent that it declines to dismiss or strike allegations in the Amended Complaint that Defendants contend relate to the recently-dismissed hostile work environment claim.

## C. Paragraphs Related to Actions Outside the 300-Day Window

Defendants note that the Court found that while Mr. Mitchell can "reference individual's actions that occurred more than 300 days before he filed the 2nd EEOC charge…, he cannot bring separate claims against those individuals for the actions they took outside of the 300-day window."

[Filing No. 37 at 3-4.] Defendants "request clarification from the Court that the claims in these paragraphs were dismissed." [Filing No. 37 at 4.]

In response, Mr. Mitchell points out that the Court declined to strike allegations in the Amended Complaint that reference actions taken from 2009 to 2013. [Filing No. 39 at 5.] He argues that the allegations Defendants seek to strike "are referencing the same information dating back to 2009 that [Muncie Community Schools] used in defending their termination of me." [Filing No. 39 at 5.]

On reply, Defendants reiterate the Court's finding that Mr. Mitchell cannot bring separate claims based on actions that took place outside the 300-day window. [Filing No. 40 at 2.]

This argument fares no better than Defendants' request to dismiss allegations that they characterize as related to the hostile work environment claim. A motion to dismiss tests the legal sufficiency of the Complaint, and not individual factual allegations. *Lurz*, 2006 WL 2349724 at *3. While the Court dismisses claims or parties, it will not dismiss certain factual allegations in the Amended Complaint under these circumstances. To the extent that the Court considers Defendants' motion a motion to strike, it still fails. Again, the Court cannot determine at the motion to dismiss stage of this litigation that the allegations in the paragraphs Defendants seek to strike – paragraphs 3 through 16 – are not relevant to the pending claims. Indeed, Defendants made this precise request in their last Motion to Dismiss, and the Court rejected it, specifically finding that:

> Mr. Mitchell's allegations regarding various employees' actions during the time period from 2009 to 2013 constitute background information to support his discrete claim that his termination was a result of discrimination and retaliation. The Court declines to strike paragraphs from the Amended Complaint related to actions from 2009 to 2013 because Mr. Mitchell contends that the decisionmakers relied upon the information in those allegations to ultimately terminate him, and his termination is the basis for his discrimination and retaliation claims.

[Filing No. 35 at 12.]

Defendants seem to be under the mistaken impression that each of Mr. Mitchell's factual allegations raises a discrete "claim," but that it not the case. Instead, the factual allegations form the basis for a claim. The Court will not take a red pen to the Amended Complaint at the motion to dismiss stage, before discovery has taken place and before Mr. Mitchell's claims have been fully developed, and exclude certain factual allegations. To be sure, the evidence related to some of these allegations may ultimately not be admissible at trial, but the Court cannot determine right now that the allegations are irrelevant and should be stricken from the Amended Complaint. The Court denies the Additional Motion to Dismiss to the extent that it declines to dismiss or strike allegations in the Amended Complaint that Defendants contend relate to occurrences that took place more than 300 days before Mr. Mitchell filed the Second Charge.

## IV.
### CONCLUSION

For the foregoing reasons, Defendants' Additional Motion to Dismiss Portions of Plaintiff's Amended *Pro Se* Complaint, [Filing No. 36], is **GRANTED IN PART** to the extent that the Individual Defendants are **DISMISSED** from this matter. The Clerk is directed to **TERMINATE** Defendants Kathy Ray, Tim Heller, Mark Burkhart, Lon Sloan, Tom Jarvis, Rebecca Thompson, Joe Martinez, Dan Justice, Gerry Moore, DiLynn Phelps, Paul Dytmire, Deborah Badders, Chris Smith, Jenny Locke, Kim Frazier, and Suzanne Crump as Defendants in this matter. No partial final judgment shall enter at this time. The Additional Motion to Dismiss Portions of Plaintiff's Amended *Pro Se* Complaint, [Filing No. 36], is **DENIED IN PART** to the extent that the Court declines to strike any paragraphs from the Amended Complaint.

The Court will not consider any additional motions to dismiss the Amended Complaint. The only claims that remain in this litigation are Mr. Mitchell's claims for race discrimination and retaliation against Muncie Community Schools. The Defendant has 30 days within which to file

- 13 -

its Answer to the Amended Complaint. Once the Answer is filed, the Court requests that the Mag-

istrate Judge confer with the remaining parties to address the possibility of an agreed resolution,

or to establish a case management plan.


Date:  July 15, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

James E. Mitchell
217 W. Charter Dr.
Muncie, IN 47303